CASE 13—PETITION ORDINARY—AGREED CASE—JUNE 15.

## Stone vs. Riddell.

APPEAL FROM BATH CIRCUIT COURT.

1. Commonwealth Attorneys have no vested interest in forfeited recognizances until reduced to judgment, when. by law, they are entitled to thirty per cent. of the judgment, which cannot be remitted by the Governor.

2. The act to fix the fees of county attorneys, of February 21, 1868 (*Session Acts, page* 23), gave to county attorneys fifteen per cent. of all judgments on forfeited recognizances, in cases where they prosecuted the accused before the committing court, and aided the Commonwealth's Attorney in recovering judgment on the forfeited recognizance, to be deducted from his per centage. As said act took effect immediately, on such judgments thereafter rendered, the county attorney is entitled to his per centage, although the default occurred before the passage of such enactment.

H. L. STONE.                                     For Appellant,

CITED—

*Act of February* 21, 1868, *Session Acts, p.* 23.

*Act of March* 8, 1856, 1 *Stanton*, 190.

*Act of January* 14, 1858, 1 *Stanton*, 191.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

As has frequently been decided by this court, Commonwealth Attorneys have no vested interest in forfeited recognizances until reduced to judgment, when they, by law, are entitled to thirty per cent. of the judgment, and which cannot be remitted by the Governor.

The " act to fix the fees of county attorneys," of February 21, 1868 (1 *Sess. Acts*, 23), gave to county attorneys fifteen per cent. " of all judgments on forfeited recognizances," in cases where they prosecuted the accused before the committing court, and aided the Commonwealth's Attorney in recovering judgment on the forfeited recognizanee, to be deducted from his per centage; and said act took effect immediately.

It is the judgment on the recognizance that fixes the rights of the county and Commonwealth Attorneys, and not the time when the prosecution first began.

It appears in this agreed case that Stone, as county attorney, prosecuted the accused, and had this forfeited recognizance taken, and the default occurred before the date of said enactment; but that the judgment thereon was subsequent thereto, and he having aided in recovering it in the circuit court, he was entitled to fifteen of the thirty per cent. allowed by previous enactment to Commonwealth Attorneys.

The circuit court having erroneously adjudged the whole thirty per cent. to the Commonwealth's Attorney, the county attorney seeks a reversal, to which he is entitled.

Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.