CASE 66—PETITION ORDINARY—SEPTEMBER 29.

# Berry v. Sheehan.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. A RESPITE OF THE GOVERNOR staying the collection of a judgment for a fine, except commissions, fees, costs, etc., does not prevent the collection of that part of the judgment to which the attorney for the Commonwealth is entitled, and to enforce its collection the defendant may still be imprisoned.

The appellant being in jail under a *capias pro fine*, the Governor respited all the fine except commissions, fines, costs, etc. The jailer refusing to release the appellant, this action was instituted against him to recover damages for the alleged unlawful detention. *Held*— That the Governor did not, in express terms, or by implication, respite more of the fine than was going to the State, and for that reason the jailer was justified in refusing to release the appellant from prison.

2. THE ATTORNEY FOR THE COMMONWEALTH HAS A VESTED INTEREST in so much of a judgment for a fine as is allowed him by law, and of this he can not be deprived by the respite or remission by the Governor, or by any legislative action had after the judgment has been obtained.

The inquiry in this case, however, is not whether the Governor has the power to respite as to the whole amount of the fine, but whether he has done so.

W. H. JULIAN FOR APPELLANT.

1. The Governor respited the entire judgment except "commissions, fees and costs" of officers. Hence, whatever defendant had forfeited to the Commonwealth by the offense was respited, leaving only the claims of officers for their services unrespited. Only that forfeited to the Commonwealth could be enforced by *imprisonment*. The claims of officers are mere *debts* to individuals, which can be enforced only by ordinary execution. (General Stats., chapter 5, article 4, section 5; *Ibid.*, chapter 41, article 20, section 7; Revised Statutes, volume 1, page 191; Session Acts 1882, page 98; Session Acts 1884, pages 191 and 81; Kentucky Constitution, article 13, section 19; *Ibid.*, article 3, section 10; City of Paducah v. Calhoun, 78 Ky., 327-8; Commonwealth v. Spraggins, 18 B. M., 515; Debates Kentucky Convention, pages 671 and 720; Commonwealth v. Bush, 2 Duv., 265; Bishop on Criminal Law, sections 749, 757, 762; 2 Hawk., P. C., Curw. ed.

Berry v. Sheehan.

page 547, section 48; U. S. v. Morris, Condensed Reports Sup. Court United States, volume 4, 10 Wheat., 246; Rankin v. Beard, Breese, 163.)

2. Officers have no vested or accrued right to commissions at the time of conviction, or at any time before collection or remission of the Commonwealth's interest.    (General Statutes (edition 1883), page 902; *Ibid.*, page 914; Rout v. Foemster, 7 J. J. Mar., 131.)

3. Pardon, remission or respite relieves of the *offense*, and discharges from the *legal penalty*.    (Constitution, article 3, section 10; Commonwealth v. Bush, 2 Duv., 265.)

IRA JULIAN and R. A. THOMSON of counsel on same side.

A. DUVALL for appellee.

The Governor had no power to remit or respite any part of the judgment except "that portion *belonging* to the Commonwealth;" and he did not intend or attempt to do more.    (Constitution of Kentucky, article 3, section 10; General Statutes, chapter 5, article 4, section 5; 1 Session Acts 1882, page 98; 1 Session Acts 1884, page 194; Frazier v. Commonwealth, 12 B. M., 369; Commonwealth v. Morgan, 14 B. M., 314; Commonwealth v. Spraggins, 18 B. M., 407; Commonwealth v. Ramsey, 2 Duv., 385; Stone v. Riddle, 5 Bush, 349.)

JUDGE PRYOR delivered the opinion of the court.

The appellant, Berry, was indicted in the Franklin Circuit Court for suffering gaming on his premises, and on his trial was adjudged to pay a fine of two hundred dollars.    Having failed to pay the judgment, he was imprisoned in the county jail.

During the month of March following, the Governor respited the collection of all the fine, except the commissions, fees, cost, etc., for the period of six months. The respite was handed to the jailer, and when the prisoner demanded his release the jailer refused, on the ground that the collection of the entire fine had not been respited, and, thereupon, the appellant instituted this action against the jailer to recover damages for the alleged unlawful detention.    A demurrer was sustained to the petition and the action dismissed, of

which the appellant now complains. The present Constitution prohibits the Executive from remitting the fees of the clerk, sheriff or Commonwealth's Attorney in penal and criminal cases. (Section 10, article 3.)

By section 5 of article 4 of chapter 5, General Statutes, the attorney for the Commonwealth is entitled to thirty per centum of all judgments rendered in favor of the Commonwealth, etc., and in the same section it is made unlawful for him "to receive any portion of any fine, forfeiture or recovery in the name of the Commonwealth, and to which by existing laws he is entitled to a part, until the collecting officer shall have received the same, unless that portion belonging to the Commonwealth shall be remitted by the Governor," and when a part of the fine has been collected, the attorney shall receive his *pro rata* portion, applying, of course, to cases where no more can be collected by reason of the insolvency of the defendant. Under this statute, it is plain that the attorney for the State is entitled to thirty per cent. of the judgment, but is powerless to collect any part of it unless the State has remitted its part of the fine. If there is no remission, the attorney must receive his part from the collecting officer. That he has a vested interest in so much of the judgment as is allowed him by law is manifest, and of this he can not be deprived by the respite or remission by the Executive, or by any legislative action had after the judgment has been obtained.

It is urged for the appellant that as the attorney for the Commonwealth has no right to collect or receive the amount allowed him until collected by the sheriff or other officer, that no right to the judgment

or any part of it vests until the collection is made. In this conclusion we can not concur. It is true the collecting officer, unless under some special statute, is alone authorized to pay this money to the attorney, and the latter has no right to settle or receive it from the defendant, unless the State has been satisfied, or that portion of the fine going to the State has been remitted. This statute was enacted to prevent the compromise of judgments at the expense of the State, and to secure to the Commonwealth its part of the judgment by requiring the money collected on fines to pass through the hands of its collecting officer, and this being the mode of collection only, it can not be construed as depriving the Commonwealth Attorney of his interest in the judgment or the amount collected under it.

The imprisonment under the capias is not a punishment, but the means resorted to for compelling those who violate the penal laws to discharge the penalty imposed. The party indicted and fined may be incarcerated in the county jail, but not "for a longer period than at the rate of one day for each two dollars of the fine," and still the imprisonment does not discharge the fine that, after the discharge, may still be made by a *fieri facias*. (Section 304, Criminal Code.) The imprisonment is at last a coercive measure for compelling satisfaction for the wrong done, and while it does not relieve the defendant from liability to the State or the attorney, it by no means follows that because the collection of that part of the judgment due the State has been remitted or respited, that the State may not proceed for the benefit of the attorney

to collect the amount due him, and to use the coercive measures provided by the statute for that purpose. The inquiry in this case is limited as to the extent or effect of the respite. It is not as to the power of the Executive to respite as to the whole amount of the fine, but has he done so, is the question to be determined.

·He has only respited the collection of so much of' the judgment as the State would be entitled to, and has left the defendant to satisfy the commissions due the attorney, and constituting a part of the judgment, and to enforce its collection all the means provided by the statute may be resorted to.

The case of Rout v. Feemster, 7 J. J. Mar., 131, relied on by counsel, was a construction of the act of 1823, that gave to the attorney for the Commonwealth twenty-five per centum of the sum collected, but not on the sum recovered, this court holding that the power of the Governor to remit fines under the Constitution at that date was unlimited, and the attorney having no interest in the fine separate from the Commonwealth, the constitutional power to remit was not affected by the statute.

Under the present Constitution, the power to remit the fees or commission of the attorney is taken from the Executive, and the attorney for the Commonwealth is allowed *thirty per centum of the judgments*, to be paid him when the same is collected by the sheriff. With this inhibition on the power of the Governor to remit, the mere fact that the attorney is required to receive the per centum from the collecting officer does not divest the attorney of his interest in the particular judgment, or the right to insist that the part of the

Berry v. Sheehan.

fine or judgment not remitted shall be collected as provided by the statute.

It is plain, we think, that the Governor did not in express terms or by implication respite more of the fine than was going to the State, and for that reason the jailer was justified in refusing to release the appellant from imprisonment.

It is also maintained by counsel in support of the views urged for a reversal, that as judgments imposing penalties have, in many instances, been permitted to be satisfied in full by the labor of the offender in the work-house or on the public roads, and all compensation denied the attorney in such cases, it could not have been the intention of the Legislature to vest the attorney for the Commonwealth with any interest in judgments rendered in penal prosecutions. The provision of the Code, sec. 304, already referred to, excepts from its operation judgments in city and police courts, which may be discharged in the manner provided by special statutes; and besides, the Legislature has the power to regulate the fees or commissions of the Commonwealth Attorneys; and, to reward vigilance and a faithful discharge of duty, often gives more of the penalty to the attorney in the prosecution of certain offenses than in others, and hence the difference in the various special statutes on the subject.

The demurrer having been properly sustained, the judgment is affirmed.