CASE 82—AGREED CASE BETWEEN S. J. SHACKELFORD AND J. MOR-
GAN AS TO OUTSTANDING FEE BILLS DUE THE CLERK OF THE
COURT OF APPEALS.—FEB. 24.

# Chinn v. Shackelford.

APPEAL FROM FRANKLIN CIRCUIT COURT.

FROM THE JUDGMENT CHINN APPEALS.   REVERSED.

CLERK OF COURT OF APPEALS—EXPIRATION OF TERM—UNCOLLECTED FEES
    —RIGHT TO COLLECT—HOW APPROPRIATED.

Held:    1. Acts 1893, p. 1157, c. 226, section 44, providing that,
    when the term of any chief officer shall expire, he or his per-
    sonal representative, trustee or committee, as the case may be,
    shall at once deliver to his successor in office all accounts,
    claims, and fees due to such officer in his official capacity, ap-
    plies only to those officers who are required monthly to re-
    port the amount in their hands and pay it into the State
    treasury, and are allowed to draw back from the treasury, for
    salaries and expenses, not exceeding seventy-five per cent. of
    the amount so paid in, and does not apply to the clerk of the
    court of appeals, who collects his fees, and pays the salaries and
    expenses of his office, and at the end of the year pays the
    balance into the treasury.
    2. When the term of the clerk of the court of appeals expires, his
    successor takes up the office where his predecessor put it down,
    and may properly collect any outstanding fees due the office
    and apply the money to the conduct of the office, just as his
    predecessor might have done had he continued as clerk.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

The term of S. J. Shackelford as clerk of this court ex-
pired on the first Monday in January, 1904.   He was suc-
ceeded by J. Morgan Chinn.   At the expiration of the term
there were a number of fee bills outstanding, and unpaid,
due the clerk of this court for services rendered.   This
agreed case between Shackelford, Chinn, and the Auditor

of the State was filed to determine what should be done
with these fee bills. The question turns on the construction
of the provisions of sections 38-54 of the act "relating to
fees," approved June 15, 1893 (Acts 1893, pp. 1156-1162,
c. 226), which with some amendments, now constitute sec-
tions 1761-1777 Ky. St., 1903. As the question before us
turns on the construction of the original act, we will refer
to the sections of it.

Section 38 is in these words: "The clerk of the circuit
court, the clerk of the county court, commissioners, receiv-
ers, examiners, and the sheriff of each county having a popu-
lation of seventy-five thousand or over, shall, after the terms
of the present incumbents, respectively expire, and on the
first day of each month, severally send to the Auditor of
Public Accounts a statement, subscribed and sworn to by
each of them, showing the amount of money received or
collected by or for each of them the preceding month as
fees or compensation for official duties, and shall, with such
statement, send to the Auditor the amount so collected or
received." Section 39 provides that each of the officers
mentioned above shall receive an annual salary of $5,000,
and that the number of deputies, their compensation, and
the necessary expenses of the office shall be fixed by an
order of court, which shall be forwarded to the Audi-
tor. Section 40 provides that the chief deputy shall re-
ceive a salary of $2,000, and the other deputies not exceed-
ing $1,500 each. Section 41 provides that the salary of each
officer and his deputies, and the expenses of the office, shall
be paid monthly by the Treasurer of the State upon the
warrant of the Auditor, if 75 per cent. of the amount paid
into the treasury during the month is sufficient to pay them,
and that if there is a deficit for any month it may be made

up out of the amount paid in any succeeding month. Section 42 provides a penalty if the officer fails to make the report or pay the money any month. Section 43 makes it a felony if the officer knowingly makes a false report. Then follows section 44, which is in these words: "When the term of any chief officer shall expire, or he shall die or resign, or be removed from office, he or his personal representative, trustee or committee, as the case may be, shall at once deliver to his successor in office all accounts, claims, and fees due to such officer in his official capacity; and it shall be the duty of such successor to have such fees, claims and accounts collected, or the Auditor may, in his discretion, when said accounts, fees and claims are so delivered to the successor, appoint some person to collect them, and if he does, the successor shall at once, or at any time when demanded by such person, deliver to him all accounts, fees and claims uncollected. The successor or the person appointed by the Auditor, as the case may be, shall every sixty days after receiving such accounts, fees and claims report to the Auditor, under oath, the amount collected thereon, and at the same time, pay to the Auditor the amount so collected, and shall continue to so report for three years, unless the accounts, fees and claims are sooner collected." Section 45 directs that the Auditor shall draw his warrant on the Treasurer in favor of the person collecting for an amount equal to 20 per cent. of the sums so paid into the treasury, and that this shall be in full of the compensation allowed to collector. Section 46 provides that, if the amount paid to any officer during his term shall not have been sufficient to pay the salaries and expenses of the office, the Auditor shall, out of the money so collected, pay to the person entitled thereto an amount sufficient to supply the deficit due for salaries and expenses, but that

he must not so pay exceeding 75 per cent. of ·the amount
of fees which accrued during the term, and were collected
and paid into the treasury. Section 47 and section 48 pro-
vide penalties for the violation of the above provisions.
Sections 49-52, make similar provisions as to the jailer in
counties having a population òf 75,000 or over, the prin-
cipal difference being that the jailer is required to report
monthly not only his collections, but also all sums due him,
money due from the State being treated as paid.    Section
53 regulates the jailer, county clerk, circuit clerk, commis-
sioners, receivers, examiners, and sheriff in a county having
a population of over 40,000 and under 75,000.  These are re-
quired to make annual reports, and to pay over annually
the balance in their hands.   Then follows section 54, which
is the only one in which the clerk of the Court of Appeals
is mentioned.  So far as material it, as originally enacted,
reads as follows: "The Clerk of the Court of Appeals and
each assessor in a county having a population of over sev-
enty-five thousand shall annually in the month of January
report to the Auditor under oath the amount received by
him on account of his official duties or position, from all
sources during the preceding year, as well as the amount
paid out by him for deputies or assistants, giving the amount
paid to each and for expenses of his office; and if it shall
appear from such statement that any such officer received as
compensation on account of his office from all sources more
than four thousand dollars ($4,000.00) after the payment
of his deputies or assistants and all the expenses of his
office, such officer shall with such statement pay to the
Auditor the amount so received in excess of $4,000.00.
.  .  .  The salaries of the deputies of the clerk of the
Court of Appeals shall be fixed by an order of the Court of
Appeals, a copy of which order shall be filed with the Auditor

by the clerk of said court when made." By an act approved
March 4, 1898 (Acts 1898, p. 85, c. 31), the following words
were added to this section: "If it shall appear from the
reports required to be made to the Auditor by the clerk of
the Court of Appeals under this section, that the amount
earned and received by said clerk on account of his office
is not sufficient to pay him $4,000.00 together with the
salaries of his deputies or assistants and the other legiti-
mate expenses of his office, in any year, then said officer
may retain out of money earned or received by him on ac-
count of his official duties in said office during the year or
years following, enough to make up such deficit." Another
amendment to the act was made by the act of March 21,
1900 (Acts 1900, p. 73, c. 25), but it refers only to com-
missioners and receivers in counties having a population of
75,000 or over, being an amendment to section 38 above
quoted, and is therefore not material here. The case before
us turns on the question whether section 44, above quoted,
applies to the clerk of the Court of Appeals. If it does not,
the fees due at the end of Shackelford's term, being due the
office, may be collected by the incumbent of the office. But if
this section applies, these fees, whether collected by Chinn
or by a person appointed by the Auditor, must be paid into
the treasury, and are not available for the payment of the
salaries or expenses of the office under section 54.

It will be observed that section 38 refers only to the
clerk of the circuit court, the clerk of the county court, com-
missioners, receivers, examiners, and the sheriff of each coun-
ty having a population of 75,000 or over. After the amount
of the salaries of the officers and their deputies, and the
necessary expenses of the office, are regulated in sections
39 and 40, it is provided in section 41 that 75 per cent.
of the amount paid in by them monthly may be used to pay

these salaries and expenses. In other words, the officers named are required to make monthly payments and monthly reports to the Auditor, and are allowed to draw back 75 per cent. of the amount so paid in. Then follow two sections relating to penalties, and then comes section 44, on which the case turns. At first blush it must strike any one that this section refers to the officers above mentioned, and that the reason why the fees must be collected and paid into the treasury is that the salaries and expenses of the officers may be paid out of the treasury as provided in section 41; and that this is the meaning is shown by section 46, which provides that out of the money so collected the Auditor shall pay any deficit due for salaries and expenses, not exceeding 75 per cent. of the amount paid into the treasury, which is the same provision as to the per cent, as contained in section 41, which by its express terms applies only to the officers named in section 38. The clerk of the Court of Appeals is not so limited to 75 per cent. of the fees collected by him. The next four sections of the act, 49-52, apply only to the jailer in counties having a population of 75,000 or over.

Section 53 applies to officers in a county having a population of over 40,000 and under 75,000. Section 54 applies to the assessor, in counties having a population of over 75,000, and the clerk of the Court of Appeals. It will thus be seen that by the act the officers are divided into four classes: (1) The clerk of the circuit court, clerk of the county court, commissioners, receivers, examiners, and the sheriff in counties having a population of 75,000 or over; (2) the jailer in counties having a population of 75,000 or over; (3) the jailer, county clerk, circuit clerk, commissioners, receivers, examiners, and the sheriff in counties having a population over 40,000 and under 75,000; (4) the

clerk of the Court of Appeals, and assessors, in counties having a population of over 75,000. In classes 1 and 2 the money must be paid into the treasury by the officer, and only 75 per cent. of the amount so paid can be paid back on account of salaries or expenses of the office. In these classes also, monthly reports are made and monthly payments. In· classes 3 and 4 the officer pays the salaries and expenses out of his receipts, and pays into the treasury the balance in his hands. Annual reports are made, and an annual payment of the balance in the hands of the officer. As to classes 3 and 4, there is ·no provision of law' for any money which is paid into the treasury being paid back to the officer, in any event, on account of salaries or the expenses of the office; and, if section 44 were held applicable to the clerk of the Court of Appeals, it would follow that, if the clerk should die or resign, all fees due the office would have to be collected and paid into the treasury, and only 75 per cent. of the money could be withdrawn to pay the salaries and expenses of the office; although if the clerk had lived or had not resigned, the whole fund might have been used for this purpose. In carefully thus classifying the different offices, and making essentially different provisions as to them, the Legislature showed a clear purpose not to put the clerk of this court under the provision enacted for certain offices in counties having a population of over 75,000; the reason being, no doubt, that litigation in this court varies, and it was deemed uncertain what, if any, surplus would be left to the State after paying the expenses of the office; so it was deemed unwise to place such restriction as might cripple the public service.

For these reasons we conclude that section 44 does not apply to the clerk of this court, but that, as shown by section 46 and the context, it applies only to those officers who are

Chinn v. Shackelford.

required monthly to report the amount in their hands and pay it into the State treasury, and are allowed to draw back from the treasury, for salaries and expenses, not exceeding 75 per cent. of the amount so paid in; that it is intended to carry out this plan in case of the death or resignation of these officers, or the expiration of their term; for without it there would be no way of paying the salaries and expenses of the office unpaid at the death of the occupant or the expiration of his term—the plan being that, if the officer lives or continues in office, he shall collect the fees and pay the money into the treasury; and if he dies or his term expires, another shall do so. But as to the clerk of this court, a different scheme is made. He collects his fees, pays the salaries and expenses of his office, and at the end of the year pays the balance in his hands into the treasury. There is no reason under this plan that there should be a change at the end of the term of the clerk, or when he dies or resigns. When Shackelford's term expired and Chinn succeeded him, the incumbent of the office only being changed, the latter took up the work where the former put it down, and might properly collect any outstanding fees due the office, and apply the money to the conduct of the office, just as the former might have done had he continued as clerk. In order that a proper settlement may he had by the Auditor with each of them, a list of these unpaid fees should be made out, and Chinn should receipt to Shackelford for them. Then the record of the office will show just what each received, and proper settlements can be made.

Judgment reversed, and cause remanded for a judgment as herein indicated.