CASE 68—ACTION BY ROBERT B. FRANKLIN AGAINST S. W. HAGER, AUDITOR, TO TEST THE QUESTION OF THE PERCENTAGE OF COMMON-WEALTH'S ATTORNEYS IN FINES AND FORFEITURES AS AFFECTING HIS SALARY AS SUCH OFFICIAL.—MAY 5, 1904, AND JAN. 25, 1905.

# Hager, Auditor, v. Franklin.

APPEAL FROM FRANKLIN CIRCUIT COURT.

FROM THE JUDGMENT IN FAVOR OF THE PLAINTIFF THE AUDITOR AP-PEALS—AFFIRMED.

COMMONWEALTH'S    ATTORNEYS—COMPENSATION—WHEN    PAYABLE— STATUTES—RECOVERY OF FINES.

Constitution, section 98, declares that the compensation of the Com-monwealth's attorney shall be by salary and such percentage of fines and forfeitures as may be fixed by law, and that such sal-ary shall be uniform, in so far as it shall be paid out of the State treasury, and not to exceed the sum of $500, and that, should any percentage of fines or forfeitures be allowed by law, it shall not be paid, except on such proportion of the fines as shall have been collected and paid into the State treasury, and not until so paid. Kentucky Statutes 1899, section 124, provides that such attorney shall receive from the State treasury 50 per cent. of all judgments for fines and forfeitures rendered in favor of the Commonwealth, and that he shall not receive any part from the treasury, except upon such proportion of the fines as have been paid into the treasury, and section 125 pro-vides that no Commonwealth's attorney shall receive in one year from the State treasury more than $4,000. HELD, that where, during the first term of the Commonwealth's attorney, he was paid $4,000, and judgments were rendered imposing fines

Hager, Auditor, v. Franklin.

on certain corporations, which fines were paid into the State treasury after the commencement of his second term, but in the early months thereof, he was then entitled to 50 per cent. of such fines, though such per cent. amounted to about $2,000.

ON REHEARING.

Under Constitution, section 98, providing that, if the Commonwealth' attorney shall be allowed any percentage of fines or forfeitures for his compensation, such allowance shall not be paid except on such proportion of the fines as shall have been collected and paid into the State treasury, and not until so paid; and Kentucky Statutes 1899, section 124, giving the Commonwealth's attorney 50 per cent. of such proportion of fines and forfeitures as have been collected and paid into the State treasury; and section 125, limiting the compensation of the Commonwealth's attorney from the State treasury to $4,000—a Commonwealth's attorney has a vested interest in judgments for fines which he obtains during his term of office, and may look to them to compensate him for his services in obtaining them up to the amount of $4,000 for any one year, although such judgments are not collected until after that year, or even after his term of office has expired; but, after his prior claim on the judgments has been satisfied by reason of his having received the maximum compensation for the year in which the judgments were obtained, any further balance on such judgments may be applied to pay his salary for the year in which the money is collected, or the salary of the incumbent of the office at the time that it is collected, if there has been a change in the office.

N. B. HAYS, ATTORNEY GENERAL, FOR APPELLANT.

1. The Commonwealth's attorney, under the law (Constitution, section 97), goes into office on the first Monday in January, and his term of office is fixed at six years. Hence, we contend that the phrase "for any one year," in Kentucky Statutes, section 125, means from the first Monday in January in any year, to the corresponding day in the succeeding year, and that the 50 per centum of all judgments for fines and forfeitures rendered in favor o the Commonwealth in the several counties of his district, provided for in sections 124 and 125 of Kentucky Statutes, means the judgments for fines and forfeitures rendered between the first Monday in January of any year and the corresponding day of the succeeding year, and that the Commonwealth's attorney gets 50 per cent of said judgments rendered

between said dates, until he has received for said year the said sum of $4,000 provided by law.

2. The Commonwealth's attorney has a vested interest in 50 per centum of all such judgments until his compensation of $4,000 has been paid, and this interest becomes fixed at the moment the judgment becomes final; and the date of their rendition fixes the year's compensation, to which 50 per centum must be applied. The Peacock judgment and the Bluegrass Traction Co. judgment, the 50 per cent. of which is in controversy herein, were both rendered in 1903, and that fixed the year to which they must be applied in the payment of appellee's salary or compensation; but for that year, he admits he has been paid said $4,000, and that there is nothing due him for the year 1903. Hence, we contend that, under section 125, they must be left in the State treasury. 87 Ky., 434; Berry v. Sheehan; Stone v. Riddle, 5 Bush, 349; Williams v. Shelburn, 102 Ky., 579; Spalding v. Hill, 24 R., 1802.

3. If the auditor had paid appellee on these two judgments when his demand was made about the first of April, appellee would then have received about $2,000 of the $4,000 due him at the end of the year, while he had only performed the duties of his office three months, and if appellee should have then died the State would have been required to pay another to perform the services for which it had already paid the appellee.

H. J. MOORMAN, FOR APPELLEE.

1. I submit that the legislative intent, in the enactment of the statute, was to give to the officer, not the office, a vested right to or interest in the judgment, inchoate, the instant it was rendered, which ripened into a valid demand the moment it was collected and paid into the State treasury, and this property right is in the incumbent of the office at the time the judgment is rendered, and he can not be deprived of this right or interest in the judgment in but one way, and that is by his having received, for the year in which the judgment was rendered, the full limit fixed by the statute, viz.: $4,000; and his having gone out of office before its collection can have nothing to do with, nor in any wise affect his right to, the commissions in such judgments.

T. L. EDELEN, FOR APPELLANT.

1. Our contention is that upon the entry of the judgment the Commonwealth's attorney for the time being acquired a vested right to his commission out of the amount adjudicated against

the defendant.  He has no right to collect this amount by the express terms of the statute until the judgment has been paid into the State treasury.  The payment into the treasury is the fact which determines his right to commission, and until that fact occurs that which was merely inchoate does not become a complete right.

2. The fees pertain to the office and not to the individual.

### AUTHORITIES CITED.

Constitution, sec. 98; Ky. Stat., secs. 124, 125, 133; Berry v. Shehan, 87 Ky., 434; Chinn v. Shackelford, 25 Ky. Law Rep., 1813; Spalding v. Hill, 24 R., 1802.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellee, Robert B. Franklin, was the Commonwealth's attorney of the Fourteenth Judicial District for the term preceding the first Monday in January, 1904.  At the last November election, he was re-elected, and qualified on the first Monday in January, 1904.  For the year of 1903, he was paid $4,000 out of the treasury, made up of the $500 fixed by the statute, and his per cent. of fines recovered and paid into the State treasury.  At the June term, 1903, of the Bourbon circuit court, a judgment was rendered imposing a fine of $1,500 on the Peacock Distillery Company. At the December term of the same year of the same court, a judgment was rendered against the Bluegrass Traction Company, imposing a fine of $500.  An appeal from the first-named judgment was prosecuted to the Court of Appeals, and there affirmed, and the judgment was paid into the treasury March 29, 1904.  The judgment against the Bluegrass Traction Company was paid into the State treasury in January, 1904.  The appellee, Franklin, has been paid in monthly installments the parts of the $500 salary fixed by the statute. He now claims he is entitled to 50 per cent. of the fines assessed against the Peacock Distillery Company and the

Bluegrass Traction Company. If this per cent. is paid him, he will have received about one-half of the $4,000 which he is entitled to receive as compensation as Commonwealth's attorney for the present year, his right to which depends upon the interpretation of section 98 of the Constitution and sections 124, 125, Kentucky Statutes, 1899. They read as follows:

Section 98 of the Constitution: "The compensation of the Commonwealth's attorney shall be by salary and such percentage of fines and forfeitures as may be fixed by law, and such salary shall be uniform in so far as the same shall be paid out of the State treasury, and not to exceed the sum of five hundred dollars per annum; but any county may make additional compensation, to be paid by said county. Should any percentage of fines and forfeitures be allowed by law, it shall not be paid except upon such proportion of the fines and forfeitures as have been collected and paid into the State treasury, and not until so collected and paid."

Section 124, Kentucky Statutes, 1899: "The Commonwealth's attorney shall receive from the State treasury fifty per centum of all judgments for fines and forfeitures rendered in favor of the Commonwealth in the several courts of his district, and this shall be in lieu of all taxed fees and perquisites; but he shall not be paid or receive any part of said per centum from the treasury except upon such proportion of the fines and forfeitures as have been collected and paid into the State treasury, and not until so collected and paid, unless that portion belonging to the Commonwealth shall be remitted by the Governor."

Section 125, Kentucky Statutes, 1899: "No Commonwealth's attorney shall be paid, or receive as compensation for his services as such officer, for any one year, from the

State treasury, more than four thousand dollars; and should the salary and per centum of fines and forfeitures allowed under this act to such officer in any district, for any year, exceed said sum of four thousand dollars, said excess shall not be paid to such officers, but the fiscal court or the board of commissioners, in counties where, for county governmental purposes, a city is by law separated from the remainder of the county of any county, may allow the Commonwealth's attorney for that county such compensation as they see proper, to be paid as other claims against the county are paid."

The lower court adjudged that the appellee was entitled to the 50 per centum of the fines. It is urged for reversal (1) that as the judgments were rendered in 1903, and the appellee having received $4,000 as salary for that year, he is not entitled to 50 per cent. of the fines paid into the treasury by virtue of the judgment; (2) that the per centum of fines, the same as the salary fixed by law, should be paid monthly out of the treasury.

It will be observed that, under section 98 of the Constitution, the salary of Commonwealth's attorneys should be fixed by law, and that it shall be uniform in so far as it is paid out of the treasury, and that it shall not exceed the sum of $500 per annum. It was also contemplated that, in addition to the sum so limited to be paid out of the treasury, the General Assembly should provide by law that they are to have a percentage of the fines and forfeitures collected and paid into the treasury. Section 124, Kentucky Statutes, 1899, provides that they shall receive from the State treasury 50 per cent. of all fines and forfeitures, but that the treasurer shall not pay that per centum, "except upon such proportion of the fines and forfeitures as have been collected and paid into the State treasury, . . . un-

less that portion belonging to the Commonwealth shall be remitted by the Governor." Section 125, Kentucky Statutes, 1899, limits his salary to $4,000, payable out of the State treasury. The declaration of the General Assembly that the 50 per centum should not be received by the Commonwealth's attorney until collected and paid into the treasury was equivalent to saying that it should be paid to him when the fines and forfeitures were collected and paid into the treasury. The Legislature could not have made its meaning clearer, had it expressly provided that the 50 per centum of the fines and forfeitures should be paid to the Commonwealth's attorney when collected and paid into the treasury. When a judgment is rendered for a fine or forfeiture, it may be said that the Commonwealth's attorney has an inchoate interest in it, but that interest does not ripen into a demand upon the treasury until it is collected and paid into it. The mere fact that a judgment is rendered one year, and is not collected until the next year, and paid into the treasury, does not prevent the Commonwealth's attorney from receiving his per centum of it, and applying it to his salary for the year in which it is collected, because the statute provides that, when collected and paid into the treasury, he shall receive his per centum of it. It is urged that a Commonwealth's attorney might thus be enabled to collect his entire year's salary in the first months of the year, and might then resign or die. This may be true. That suggestion is fully answered by a statement that it is not the province of executive officers and courts to legislate, nor to disregard laws enacted by the lawmaking department of government. The constitutional convention saw proper to restrict the power of the General Assembly so as not to allow Commonwealth attorneys reasonable compensation, except upon the contingency that

they could recover judgments for fines and forfeitures, and have them paid into the State treasury. When the Legislature has expressly provided that, when the contingency arises which enables a Commonwealth's attorney to collect part of his salary, the courts ought not to hold that it has not arisen, simply because a Commonwealth's attorney might die or prove unfaithful to his trust. It is urged that the Commonwealth's attorney should be paid his per centum of fines and forfeitures monthly. If the Legislature had recognized that the practical operation of the statute fixing the salary of the Commonwealth's attorney would give him his per centum of the fines and forfeitures monthly, it would have so declared. It must have known that this could not be done, because at the close of many months in the year, probably, there would be nothing to the credit of the Commonwealth's attorney for fines and forfeitures. Besides, it is impossible to tell what the Commonwealth's attorney's per centum of fines and forfeitures will be during the year. Therefore it is not possible to pay his per centum in monthly installments.

The conclusion the court has reached is that the Commonwealth's attorney is entitled to his per centum of the fines and forfeitures when collected and paid into the treasury. This conclusion is in harmony with the spirit of the statute, for the amount of the Commonwealth's attorney's salary depends upon a contingency. If an event happens in the early part of the year which brings a sum to make up his salary, he should have it, because it is possible that the contingency might not happen which would give him anything in addition to the $500, and, if it did happen, it might not be until the last of the year. Chinn v. Shackelford, 117 Ky., 700, 78 S. W., 908, 25 Ky. Law Rep., 1813, is in harmony

with our conclusion in this case. We do not think the cases cited by the attorney general support the opposing view.

The judgment is affirmed.

Extended opinion on rehearing January 25, 1905, by Chief Justice Hobson:

As the law stood previous to the adoption of the present Constitution, Commonwealth attorneys were entitled to 30 per cent. of the judgment for fines and forfeitures, and it was held that, after judgment was rendered, the Commonwealth attorney had a vested interest in so much of the judgment as was allowed him by law. Stone v. Riddell, 68 Ky., 349; Berry v. Sheehan, 87 Ky., 434, 10 R., 426, 9 S. W., 286. As the law then stood, some abuses crept in, and so much of the judgment as belonged to the attorney was collected, and then little attention was paid to the collection of that part of the judgment belonging to the State. To remedy this defect, it was provided in section 98 of the Constitution as to Commonwealth attorneys that, "should any percentage of fines and forfeitures be allowed by law, it shall not be paid except upon such proportion of the fines and forfeitures as have been collected and paid into the State treasury, and not until so collected and paid." Pursuant to this provision of the Constitution is section 124, Kentucky Statutes, 1899, which gives the Commonwealth attorney 50 per cent. of fines and forfeitures, but provides that he shall not receive any part thereof from the treasury except upon such proportion of the fines and forfeitures as have been collected and paid into the State treasury, and not until so collected and paid. Section 125, Kentucky Statutes, 1899, limits the compensation of the Commonwealth attorney from the State treasury to $4,000. The purpose of the

Constitution provides, and section 124, Kentucky Statutes, 1899, was not to change, the rule theretofore in force giving to the Commonwealth attorney a vested interest in the judgment when he obtained one, but to require all tne money to pass through the treasury, so that the State's part of the judgment would be collected. There is nothing in the statute to evince an intention to make any other change in the law as it was then well understood, and Commonwealth attorneys under the present statute who prosecute a case to judgment have a vested interest in the judgment no less now than under the former law. By the former statute, the county attorney, where he prosecuted aiding the Commonwealth attorney, was allowed a certain percentage of the judgment, and he had a vested interest in the judgment no less than the Commonwealth attorney. Stone v. Riddell, 68 Ky., 349. So section 133, Kentucky Statutes, 1899, provides that "in all prosecutions in the circuit court when the county attorney is present and assists in the prosecution he shall receive from the State treasury twenty-five per cent. of all judgments," etc. Under this provision, manifestly only the county attorney in office at the time the judgment is rendered gets any interest, for, if the judgment is not paid until he goes out of office, his successor will be entitled to no part of it, because he was not present, and did not assist in the prosecution. By section 1721, Kentucky Statutes, 1899, it is provided: "As additional compensation for services in Commonwealth cases, each circuit clerk shall receive from the State treasury ten per cent. of the amount of all fines and forfeitures recovered in their respective courts and paid into the State treasury, but not until so paid in." In this section manifestly the circuit clerk who does the work in the case in which the judgment is rendered is entitled to

Hager, Auditor, v. Franklin.

the 10 per cent., and not the clerk who is in office when the judgment is paid, for the allowance is made to each circuit clerk as an additional compensation for services in Commonwealth cases, and is to be received out of fines and forfeitures recovered in their respective courts. The money is not to be paid them until it is paid into the treasury, but their rights are vested in the fines and forfeitures recovered in their courts. It can not be presumed that the Legislature intended to give the county attorney and circuit clerk a vested right in the judgments rendered, and to deny to the Commonwealth attorney, who is chiefly responsible for the prosecutions, a like interest. It is a just principle that he who sows shall reap, and we should not presume that the Legislature intended to change the former rule, in violation of this principle, without a clear expression of its will to this effect.

It will be observed that the State gives 50 per cent. of the judgments to the Commonwealth attorney, 25 per cent. to the county attorney, and 10 per cent. to the clerk, thus making 85 per cent. and leaving only 15 per cent. to the State. This shows that it is not the legislative policy to make money for the State out of these prosecutions, but that the purpose of the statutes is to collect the judgments that may be rendered so that the punishments inflicted will be enforced, and that this may be done out of the funds thus brought into the treasury.

The salary of the Commonwealth attorney is limited to $4,000, and he can not receive out of the treasury in any one year more than this amount. But it is not the purpose of the statute to cut him down below $4,000 in any one year if in this year sufficient fines and forfeitures are paid into the treasury to bring him up to that amount. In other words, the Commonwealth attorney who does the

work has the prior claim on the judgment which he recovers, and if he has not received his $4,000 for the year, he is entitled to the money when paid into the treasury, although this may be after his term has expired. On the other hand, if the Commonwealth attorney who prosecuted the case has received all that is coming to him, his prior right is out of the way, and the Commonwealth attorney who is in office when the money is paid into the treasury, if he has not received his $4,000 for the year, is entitled to the per centum. In this way the statute holds out an inducement to the prosecuting attorney to secure judgments, and also to those who are in office to have unpaid judgments collected. It is not unreasonable that the attorney who collects a judgment should be paid for his services, and at the same time the attorney who recovered the judgment is also entitled to compensation. As we said in the Chinn case, 117 Ky., 700 (78 S. W., 908, 25 Ky. Law Rep., 1813), the fees belong to the office. The 50 per cent. of .fines and forfeitures belong to the office of Commonwealth attorney. The incumbent of the office can not receive for his services in any one year more than $4,000, but where he recovers judgments that are not collected during the year, he may look to these when collected to make up his $4,000 in so far as he has not received that sum for his services during the year in which the judgments were rendered, and if there is a balance after paying him the $4,000 for that year, arising from such judgments, it may be applied to pay his salary for the year in which the money is paid into the treasury, or the salary of the incumbent of the office at the time the money is paid into the treasury, if there has been a change in the office. The attorney who has a judgment collected and paid into the treasury should be paid for his services, and, while he can not have priority over the attorney who recovered the

.judgment, there is no reason why what is left of the 50 per cent. belonging to the office should not be applied to his salary after the other attorney has received his $4,000. The language of the statute is: "No Commonwealth's attorney shall be paid, or receive as compensation for his services as such officer, for any one year, from the State treasury, more than four thousand dollars ($4,000.00)." Section 125, Kentucky Statutes, 1899. The only limitation is that the Commonwealth attorney shall not receive for his services for any one year more than $4,000. It was not designed to cut him down below $4,000 because the money that ought to have been paid in one year was paid in the next; nor was it designed to abrogate the rule so long in force that the attorney recovering the judgment was entitled to look to the percentage belonging to the office for his compensation for his services.

The opinion heretofore delivered is extended as above indicated, and the petition for rehearing is overruled.