## McCracken County v. Thompson's Ex'x.

## McCracken Fiscal Court v. Same.

(Decided April 20, 1937.)

J. D. MOCQUOT for appellants.

ALBERT N. CARNES and JACK FISHER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

At the election held in the month of November,

1933, John R. Thompson was elected jailer of Mc-Cracken County. He took office the first Monday in January, 1934, and served until his death on March 1, 1935. On January 22, 1935, he filed with the Fiscal Court of McCracken County a statement showing the fees earned by him and the expenses of his office for the year 1934. This statement showed an excess of $1,877.18 over and above the $5,000 salary limit fixed by section 246 of the Constitution. On March 8, 1935, an amended report was filed by John R. Thompson's executrix showing that he had not received the full amount that he was entitled to as jailer of the county. On April 9, the Fiscal Court approved the original report, but disallowed the item of $358.30 for rewards and arrest of prisoners, but took no action on the amended report. From the order of approval, the executrix prosecuted an appeal to the McCracken circuit court. Thereafter McCracken County brought suit against the executrix to recover $2,235.48, the amount alleged to have been received by John R. Thompson in excess of the $5,000 limit. The two actions were consolidated and proceeded to a judgment resulting in the dismissal of the county's claim. From that judgment, the two appeals have been prosecuted and will be considered in one opinion.

The question is, Whether the amount of the fees earned, or the amount of the fees actually received during the calendar year, is controlling in determining whether the compensation of the jailer exceeds the constitutional limit of $5,000? Section 246 of the Constitution reads:

"No public officer, except the governor, shall receive more than five thousand dollars ($5,000.00) per annum as compensation for official services, independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law. The general assembly shall provide for the enforcement of this section by suitable penalties, one of which shall be forfeiture of office by any person violating its provisions."

In Hager, Auditor, v. Franklin, 119 Ky. 542, 81 S. W. 926, 84 S. W. 541, 26 Ky. Law Rep. 94, 27 Ky. Law Rep. 189, the court held that the commonwealth's attorney was entitled to apply his per centum of the

fines to his salary for the year in which it was collected and not to his salary for the year the judgments were rendered. In reaching this conclusion, the court said:

"It will be observed that, under section 98 of the Constitution, the salary of commonwealth's attorneys should be fixed by law, and that it shall be uniform in so far as it is paid out of the treasury, and that it shall not exceed the sum of $500 per annum. It was also contemplated that, in addition to the sum so limited to be paid out of the treasury, the General Assembly should provide by law that they are to have a percentage of the fines and forfeitures collected and paid into the treasury. Section 124, Ky. St. 1899, provides that they shall receive from the state treasury 50 per cent. of all fines and forfeitures, but that the Treasurer shall not pay that per centum, 'except upon such proportion of the fines and forfeitures as have been collected and paid into the state treasury, * * * unless that portion belonging to the commonwealth shall be remitted by the Governor.' Section 125, Ky. St. 1899, limits his salary to $4,000, payable out of the state treasury. The declaration of the General Assembly that the 50 per centum should not be received by the commonwealth's attorney until collected and paid into the treasury was equivalent to saying that it should be paid to him when the fines and forfeitures were collected and paid into the treasury. The Legislature could not have made its meaning clearer, had it expressly provided that the 50 per centum of the fines and forfeitures should be paid to the commonwealth's attorney when collected and paid into the treasury. When a judgment is rendered for a fine or forfeiture, it may be said that the commonwealth's attorney has an inchoate interest in it, but that interest does not ripen into a demand upon the treasury until it is collected and paid into it. The mere fact that a judgment is rendered one year, and is not collected until the next year, and paid into the treasury, does not prevent the commonwealth's attorney from receiving his per centum of it, and applying it to his salary for the year in which it is collected, because the statute provides that, when collected and paid into the treasury, he shall receive his per centum of it."

We perceive no reason for any distinction between the two cases. As will be observed, the language of section 246 of the Constitution is, "No public officer, except the governor, shall receive more than five thousand dollars." It, too, deals with what is received and not with what is earned. We therefore conclude that, for the purpose of determining whether the jailer's compensation exceeds the constitutional limit, he may in the circumstances here presented apply his fees to his compensation for the year in which the fees are paid, and not to his compensation for the year in which the fees were earned.

Judgment affirmed.